153 P.3d 1178

William H. PISKE, Plaintiff–Appellant,

v.

Lloyd FREEMAN and Maurine Freeman, husband and wife, Defendants– Respondents.

No. 31816.

Supreme Court of Idaho, Boise, December 2006 Term.

Feb. 23, 2007.

Givens, Pursley, LLP, Boise, for appellant. Terri R. Yost argued.

Moffatt, Thomas, Barrett, Rock & Fields, Chartered, Boise, for respondents. Michael O. Roe argued.

SCHROEDER, Chief Justice.

This is an appeal of the district court's grant of summary judgment in an access easement dispute.

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

At one time the land at issue was a portion of Klam Ranch, a 900 acre parcel of steep, mountainous terrain owned by White Savage Associates (Savage). In approximately 1973 Savage constructed a narrow, dirt access road on the property. In 1974 Glenn and Betty Newkirk (Newkirks) bought a small parcel located in the middle of Klam Ranch which is currently surrounded on all four sides by the parcel owned by Lloyd and Maurine Freeman (Freemans). The Newkirks built a cabin on the property and use it every weekend for recreation. The ten acre portion of the property currently owned by William H. Piske (Piske) was parceled in 1977 from Klam Ranch. Piske's parcel is surrounded on three sides by Freeman's parcel; the other side of his parcel abuts United States Forest Service land. Piske constructed a home on the parcel prior to his purchase of the property in 2003. In 1978 Savage sold the 200 acre parcel currently owned by the Freemans. The Freemans logged the property in the 1990's and have used it since that time for recreational purposes, using motorcycles as the primary means to access the parcel.

The access road constructed by Savage enters the Freeman parcel from Highway 21 and leads to a bridge that crosses More's Creek. The road proceeds through part of the Piske parcel, loops through a small portion of Forest Service land, re-enters the Freeman parcel, and accesses the Newkirk property. The road continues south to the Sims property where Highway 21 can be accessed. The easement dispute centers on this bridge and access road. Freeman and Piske are current parties to the easement dispute. Roy and Lauri Bracken, Piske's predecessors in interest, were involved in the suit at its beginning stages. The Brackens and Freemans both alleged several different theories of easements at the outset of the suit. When Piske obtained all of the Bracken's interest in the property, the Brackens were dismissed from the case. The Newkirks were an intervening party whose claims have been settled and have been dismissed from the action. The remaining parties, Piske and Freemans, filed cross motions for summary judgment.

The district court held that the parties possessed easements by implication across each others' property for the purpose of access. Piske expressed concern that the Freemans intended to divide their parcel into four fifty-acre lots. The district court held that this increase in scope was not unreasonable to foresee based on the history of development in the area and that any increase in vehicular traffic would not create an unreasonable burden for Piske. Piske also filed a motion to amend the original complaint to include claims of negligent infliction of emotional distress, trespass, and punitive damages. The district court denied the motion to amend as tardy. Piske appeals, alleging that the district court erred when it determined that the Freemans had four easements across his real property, naming non-parties as having easement rights. The Freemans argue that the district court did not err.

The Freemans also argue that Piske's appeal was untimely. Piske's Notice of Appeal was delivered to the Clerk of the Court of Boise County on April 7, 2005, the final day for appellant to meet the 42 day time period allowed in Rule 14. It was accompanied by the Supreme Court's filing fee but the district court filing fee and fees for preparation of the record and transcript, an additional $259.00, were not paid. On April 14, 2005, Piske paid the additional fees, and the district court clerk filed the Notice of Appeal. Due to the timeliness issue, this Court filed an Order Conditionally Dismissing the Appeal. The parties responded and the Court reinstated the appeal.

Since the filing of this appeal a number of proceedings have taken place in the district court, including entry of an Amended Judgment and a decision as to the width of the easement. No amended notice of appeal has been filed. It appears the Court does not have a final judgment before it. It also appears that the issue of persons named to have easement rights which has been argued to this Court has been addressed by the district court, creating a situation in which a

decision of this Court could be inconsistent with the subsequent judgment entered in the district court. The issue of the width of the easement has been determined in the district court subsequent to briefing in this case. These issues have not been briefed for this Court.

## II.

## DISPOSITION

In sum, this Court does not have a final judgment briefed and argued. The appeal is dismissed and the case remanded to the district court. The issue of the timeliness of the appeal is moot. Neither party prevails. No costs or attorney fees are allowed.

Justices TROUT, EISMANN, BURDICK and JONES concur.