IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No.  34797

GOODMAN OIL COMPANY,          )

                                                )          Boise, December 2009 Term

                      Appellant,    )

v.                                   )          2010 Opinion No. 15

                                                )

SCOTTY'S DURO-BILT GENERATOR,    )          Filed: February 3, 2010

INC., an Idaho corporation; BART and    )

ALANE McKNIGHT, husband and wife;    )          Stephen W. Kenyon, Clerk

                                                )

                                                )

                      Respondents.  )

                                                )

Appeal from the District Court of the Third Judicial District of the State of Idaho, Canyon County.  Hon. Renae J. Hoff, District Judge.

The judgment of the district court is <u>affirmed</u> and this appeal is dismissed.

Runft & Steele Law Offices, PLLC, Boise, for appellants.  John Steele argued.

Moore Smith Buxton & Turcke, Chtd, Boise, for respondents.  Carl J. Withroe argued.

W. JONES, Justice

## FACTS AND PROCEDURAL HISTORY

On August 2, 1995, one of the Respondents, Bart McKnight, on behalf of Scotty's Duro-Built Generator, Inc., entered into a Property Owner Street Vacation Agreement (Vacation Agreement) with Appellant, Goodman Oil Company, and two other parties.  In the Vacation Agreement, the parties consented to the vacation of a portion of First Avenue South by the City of Nampa, Idaho.  The Vacation Agreement also stipulated "[t]hat the parties shall fully cooperate to ensure that the purpose and intent of this Agreement shall be accomplished."

On July 28, 2004, Goodman Oil entered into a contract with James Wylie whereby Goodman Oil agreed to sell its property to Wylie for $600,000.  However, the sale was contingent upon the vacation of First Avenue South in a manner that was satisfactory to both Goodman Oil and Wylie.  Wylie submitted development plans for Goodman Oil's property, and on August 4, 2004, the Nampa Fire Department gave their written approval.  The Fire

1

Department approved the vacation of First Avenue South subject to the dedication of a twenty-foot wide fire apparatus access road easement and conditioned upon Wylie obtaining consent from adjoining property owners.

On August 16, 2004, Ordinance No. 3374 (the Ordinance) was approved by the Nampa City Council and by the Mayor, which was necessary for the vacation of First Avenue South to occur. Respondent Bart McKnight spoke with the Mayor and voiced his objection to the vacation, and the Mayor, after approving the Ordinance, later vetoed the Ordinance. Consequently, the Ordinance was not published and did not become law, and as a result, the vacation failed.

Goodman Oil argues that because the vacation did not occur, Goodman Oil's land sale to Wylie failed. Goodman Oil subsequently filed a complaint against Duro-Bilt; Bart McKnight, the owner of Duro-Bilt; and Alane McKnight, Bart's wife, collectively referred to in this Opinion as Duro-Bilt, asserting four claims in its complaint: count I, breach of contract; count II, tortious interference with a purchase and sale agreement; count III, negligent interference with prospective economic advantage; and count IV, intentional interference with prospective economic advantage. The breach of contract claim was for the alleged breach of the Vacation Agreement, and the tort claims were for the alleged interference with the land sale contract between Goodman Oil and Wylie.

Duro-Bilt filed a motion for summary judgment on June 29, 2006, and the district court, on September 19, 2006, entered an order dismissing Bart and Alane McKnight, in their individual capacities, from the case. Goodman Oil filed a motion for reconsideration of the order; however, Goodman Oil's motion for reconsideration was denied on November 7, 2006. In addition, on the same day, the district court entered an order dismissing count II, tortious interference with a purchase and sale agreement; count III, negligent interference with prospective economic advantage; and count IV, intentional interference with prospective economic advantage. Duro-Bilt subsequently filed a second motion for summary judgment, and on February 6, 2007, the district court granted summary judgment dismissing count I, breach of contract. Goodman Oil filed a motion for reconsideration, and on April 2, 2007, the district court denied Goodman Oil's motion. In addition, that same day, the district court awarded Duro-Bilt and Bart and Alane McKnight attorney fees and costs under I.C. § 12-121, and the district court, on August 7, 2007, entered an order which set the amount of attorney fees and costs owed.

2

On October 16, 2007, Goodman Oil moved the district court to enter a final judgment. The district court denied Goodman Oil's motion, and Goodman Oil filed a notice of appeal on November 23, 2007.

## ISSUES ON APPEAL

I.  Whether Goodman Oil's notice of appeal was timely.

II. Whether the district court erred when dismissing Bart and Alane McKnight from the case.

III. Whether the district court erred in granting summary judgment on all counts.

IV. Whether the district court erred in awarding attorney fees and costs to Duro-Bilt and Bart and Alane McKnight.

V.  Whether this Court should award attorney fees and costs to either Goodman Oil or Duro-Bilt on appeal.

## STANDARD OF REVIEW

This Court exercises free review over questions of subject-matter jurisdiction. *State v. Kavajecz*, 139 Idaho 482, 483, 80 P.3d 1083, 1084 (2003).

## DISCUSSION

### I.  This Court holds that Goodman Oil's notice of appeal was untimely.

On February 2, 2007, as stated above, the district court executed an order granting summary judgment for Duro-Bilt on Goodman Oil's last remaining claim, breach of contract. Goodman Oil filed a motion for reconsideration on February 23, 2007, and the district court entered an order denying Goodman Oil's motion on April 2, 2007. Goodman Oil and Duro-Bilt dispute whether, under I.A.R. 14(a), the allotted forty-two days for Goodman Oil to file a notice of appeal began to run on April 2, 2007, the date the final order not concerning attorney fees were entered. Under I.A.R. 14(a), a notice of appeal must be filed within forty-two days of a district court's judgment that is appealable as a matter of right.

Goodman Oil claims that the district court's April 2, 2007, order did not trigger the forty-two day time limit because it was not a judgment and it was not set forth in a separate document. In forming its argument, Goodman Oil relies upon I.R.C.P. 58(a), which states: "Every judgment shall be set forth on a separate document." Goodman Oil also cites the Supreme Court Rules Committee's explanation for the separate document requirement, which states that a separate document is needed in order to eliminate confusion and so that all parties know when the time for appeal has begun. In addition, Goodman Oil argues that I.R.C.P. 58(a) has been interpreted in *Hunting v. Clark County School Dist.*, 129 Idaho 634, 931 P.2d 628 (1997), *Camp v. East*

3

*Fork Ditch Co., Ltd.*, 137 Idaho 850, 55 P.3d 304 (2002), and *In re Universe Life Ins. Co.*, 144 Idaho 571, 171 P.3d 242 (2007), wherein this Court found that an order granting summary judgment was insufficient to constitute a final judgment under I.R.C.P. 58(a) because it was not entitled "judgment" and had not been entered in a separate document.

Duro-Bilt argues that the appeal is barred because Goodman Oil did not file a notice of appeal within forty-two days of April 2, 2007, the date the district court disposed with the last issue not concerning attorney fees. Duro-Bilt claims that the requirement that "[e]very judgment shall be set forth in a separate document," as stated in I.R.C.P. 58(a), was satisfied on April 2, 2007. Idaho Rule of Civil Procedure 54(a), Duro-Bilt argues, states that a "'[j]udgment' as used in these rules includes a decree and any order from which an appeal lies." In addition, Duro-Bilt claims that I.A.R. 11(a)(1) states that an appeal as a matter of right may be taken from a final judgment, order, or decree. This Court, Duro-Bilt argues, has also held that "a final judgment is an order or judgment that ends the lawsuit, adjudicates the subject matter of the controversy, and represents a final determination of the rights of the parties." *Camp*, 137 Idaho at 867, 55 P.3d at 321. Duro-Bilt argues that the order issued April 2, 2007, denying Goodman Oil's motion for reconsideration, meets the definition of "final judgment" because no other issues were left to be decided. Duro-Bilt argues, thus, because the order amounted to a final judgment, Goodman Oil could have appealed as a matter of right, and because the order was appealable, the order amounted to a "judgment," as defined under I.R.C.P. 54(a). Because the order was a "judgment," under the definition of "judgment" in I.A.R. 14(a), Goodman Oil was required to file a notice of appeal within forty-two days of the date the order was entered. In addition, Duro-Bilt argues that the April 2, 2007, order satisfied the "separate document" requirement, as required under I.R.C.P. 58(a), because the order was a separate document.

This Court recognizes that there has been some confusion as to when the forty-two day time limit is triggered under I.A.R. 14(a), and in 1992, it tried to eliminate confusion by adding an additional sentence to I.R.C.P. 58(a), which deals with the method of an entry of judgment. The amendment states: "Every judgment shall be set forth on a separate document." *Id.* However, this Court is aware that I.R.C.P. 58(a) says nothing about the time to appeal and that there is still confusion as to when the forty-two day time limit begins to run. This Court takes this opportunity to hopefully bring an end to the confusion.

This Court holds that the forty-two day period to file a notice of appeal begins to run once an order is entered that resolves all issues, grants all relief to which the prevailing party is

4

entitled other than attorney fees and costs, and brings an end to a lawsuit. It does not matter whether the order is entitled, judgment, order, or decree. Consequently, Gooding Oil's notice of appeal was untimely because the district court entered an order on April 2, 2007, disposing with the last non-attorney fee issue in the case, and Goodman Oil did not file a notice of appeal until November 23, 2007, more than six months after the order was entered.

Idaho Appellate Rule 14(a) requires a notice of appeal to be filed within forty-two days of "any *judgment*, *order* or *decree* of the district court [that is] appealable as a matter of right in any civil . . . action." (emphasis added). Idaho Rule of Civil Procedure 58(a) states what constitutes an entry of a judgment: "[U]pon a decision by the court granting other relief . . . the court shall approve the form and sign the judgment, and the judgment shall be entered by the judge or the clerk. Every judgment shall be set forth on a separate document."

Application of a three-step process leads to the conclusion that an order that grants all relief requested other than costs and attorney fees constitutes a "judgment" under I.R.C.P. 58(a); and as a result, the order triggers the forty-two day time limit under I.A.R. 14(a). First, I.R.C.P. 54(a) states, "'Judgment' as used in these rules includes a decree and any order from which an appeal lies." Second, I.A.R. 11(a)(1) states when an appeal lies; I.A.R. 11(a)(1) states that an appeal as a matter of right may be taken from judgments, orders, and decrees which are final. Lastly, this Court has defined what constitutes a final order or judgment. This Court has held that "[a]s a general rule, a final judgment is an order or judgment that ends the lawsuit, adjudicates the subject matter of the controversy, and represents a final determination of the rights of the parties." *Camp*, 137 Idaho at 867, 55 P.3d at 321. Therefore, because an order that brings an end to a lawsuit other than issues of costs and attorney fees constitutes a final judgment, *id.*, and an appeal as a matter of right may be taken from a final judgment, I.A.R. 11(a)(1), an order that brings an end to a lawsuit constitutes a "judgment." I.R.C.P. 54(a).

This holding is in line with recent decisions by this Court. In *Shelton v. Shelton*, No. 35854-2008, 2009 WL 4093724, at 3 (Idaho Nov. 27, 2009), this Court held that an order granting a motion to dismiss was a final order, and accordingly, the time to appeal began to run when the order was entered. Likewise, this Court in *BHC Intermountain Hospital, Inc., v. Ada County*, 35904, 2009 WL 4263558, at 1 (Idaho Dec. 1, 2009), held that a magistrate's order constituted a final judgment, and consequently, because a notice of appeal was not filed within the requisite number of days from the order, this Court held that the district court did not have jurisdiction to entertain the appeal. In addition, the foregoing application of I.A.R. 14 and

5

I.R.C.P. 58(a) promotes the best interest of the parties, as it promotes finality and closure in the litigation process.

Goodman Oil also argues that I.R.C.P. 58(a) requires a judgment to be entered on a separate document. This Court finds that the order entered by the district court on April 2, 2007, has satisfied the requirement, as the order was a separate document and was a judgment under the definition of I.R.C.P. 54(a). Since this Court found Gooding Oil's appeal to be untimely, the remaining issues need not be considered on appeal.

**II.     This Court awards attorney fees and costs to Duro-Bilt and Bart and Alane McKnight on appeal.**

This Court grants Duro-Bilt's request for costs and attorney fees under I.C. § 12-120(3). Attorney fees are to be awarded under I.C. § 12-120(3) to the prevailing party in an action arising out of a commercial transaction. In this case, the Vacation Agreement was integral to Goodman Oil's lawsuit against Duro-Bilt; without the Agreement, the lawsuit would not have been brought. *Brower v. E.I. DuPont De Nemours and Co.*, 117 Idaho 780, 784, 792 P.2d 345, 349 (1990) (stating that attorney fees are appropriate under I.C. § 12-120(3) when the commercial transaction is integral to the claim.) The Agreement's central nature to the claim is also apparent by the fact that the same action by Duro-Bilt brought about both the tort and breach of contract claims. Each arose out of Duro-Bilt's objection to the vacation of First Avenue South. Accordingly, costs and attorney fees are to be awarded to Duro-Bilt, the prevailing party.

Goodman Oil argues that it is entitled to attorney fees under I.C. 12-120(3) if it prevails on appeal. Since Goodman Oil has not prevailed, no fees are awarded.

## CONCLUSION

For the foregoing reasons, this Court holds that Goodman Oil's notice of appeal was untimely. This Court awards attorney fees to Duro-Bilt and Bart and Alane McKnight on appeal. The remaining issues need not be considered on appeal. Costs are awarded to Duro-Bilt and Bart and Alane McKnight.

Justices BURDICK, HORTON and Justices *pro tem* TROUT and KIDWELL **CONCUR.**