# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 35678-2008

| | | |
|---|---|---|
| H. RAY HARRISON and JULIE HARRISON, husband and wife, | ) ) ) | Boise, May 2010 Term |
| Plaintiffs-Appellants, | ) ) | 2010 Opinion No. 55 |
| v. | ) ) | Filed: May 28, 2010 |
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO POLICY NO. 20056 ISSUED TO JEFFREY HARTFORD, M.D. EFFECTIVE FROM JUNE 1, 2004 TO JUNE 1, 2005 WITH AN RETROACTIVE EFFECTIVE DATE OF JUNE 1, 2003; NAS INSURANCE SERVICES INC., a California Corporation. | ) ) ) ) ) ) ) ) ) ) | Stephen W. Kenyon, Clerk |
| Defendants-Respondents. | ) | |

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, in and for Ada County. The Hon. Ronald J. Wilper, District Judge.

The judgment of the district court is affirmed.

Rossman Law Group, PLLC, Boise, for appellants. Eric S. Rossman argued.

Elam & Burke, P.A., Boise, for respondents. Jeffrey A. Thomson argued.

---

EISMANN, Chief Justice.

This is an appeal from an order confirming an arbitrator's award and from an order awarding court costs and attorney fees for the confirmation proceedings. Because there was no timely appeal from the order confirming the arbitrator's award and there is no final judgment entered on the remaining issues, we dismiss the appeal.

## I. FACTS AND PROCEDURAL HISTORY

Ray and Julie Harrison, who are married, had claims for medical malpractice against Dr. Jeffrey Hartford based upon his treatment of Ray in November 2003. At the time of such

treatment, Dr. Hartford had in force a policy of medical malpractice insurance that he had obtained from NAS Insurance Services, Inc., but the insurance coverage was provided by certain underwriters at Lloyd's, London. For convenience, NAS Insurance Services, Inc., and the underwriters at Lloyd's, London, will be collectively called "Lloyd's."

Dr. Hartford had a long history of substance abuse. In order to retain his medical license, in January 1999 he had entered into a stipulation and order with the Board of Professional Discipline of the Idaho State Board of Medicine. That order included the requirement that Dr. Hartford "shall abstain completely from the use of alcohol." Therefore, the Lloyd's policy included an endorsement stating: "In consideration of the premium charged the attached Stipulated Settlement and Disciplinary Order, dated January 29, 1999, is hereby made part of the policy. Any failure to adhere to the terms and conditions of the Order will be in violation of the policy and will render the coverage void."

On April 28, 2004, the Harrisons filed a lawsuit against Dr. Hartford and others seeking to recover damages resulting from Ray's injuries caused by Dr. Hartford's negligent treatment. When Lloyd's learned that Dr. Hartford had violated the terms of the stipulation and order by drinking alcohol, it denied coverage based upon the above-quoted endorsement. Eventually, Dr. Hartford settled with the Harrisons by paying them $32,500 and assigning to them any claims he may have against Lloyd's.

On August 25, 2006, the Harrisons filed this lawsuit against Lloyd's based upon Dr. Hartford's assignment of his claims. In their amended complaint filed later, the Harrisons sought damages for breach of contract, for breach of the implied covenant of good faith and fair dealing, and for the tort of bad faith. They also sought a declaratory judgment that Lloyd's was required to indemnify Dr. Hartford for all sums he owes by reason of settlement or judgment up to the limits of coverage under the insurance policy. Lloyd's moved to compel arbitration as provided in the insurance policy. The district court granted the motion and stayed the proceedings until completion of the arbitration. On January 25, 2008, the arbitrator issued a decision holding that because "Dr. Hartford had violated the special endorsement, . . . the coverage as to Harrisons malpractice claim was void, there was no breach of contract and Harrisons' causes of action are dismissed."

On April 17, 2008, the Harrisons filed a motion to vacate the arbitrator's award. On April 25, 2008, Lloyd's filed an application to confirm the award. On July 28, 2008, the district

2

court entered an order denying the motion to vacate the arbitrator's award and confirming that award. On August 11, 2008, it entered what purports to be a judgment "against H. Ray Harrison and Julie Harrison in favor of Defendants." On September 11, 2008, the Harrisons filed a notice of appeal from that purported judgment. Lloyd's sought court costs and attorney fees, and the district court granted that request, awarding Lloyd's a total of $11,245.50. On October 10, 2008, the district court entered an "Amended Judgment" against the Harrisons in that amount.

## II. ISSUES ON APPEAL

1. Did the Harrisons timely appeal the order confirming the arbitrator's award?

2. Is there a final judgment in this lawsuit?

3. Is Lloyd's entitled to an award of attorney fees on appeal pursuant to Idaho Code §§ 9-714 or 12-121?

## III. ANALYSIS

### A. Did the Harrisons Timely Appeal the Order Confirming the Arbitrator's Award?

Lloyd's contends that the Harrisons did not timely appeal from the order confirming the arbitrator's award. On April 25, 2008, Lloyd's filed an application "for an order confirming the arbitration award rendered by the parties chosen arbitrator on January 25, 2008, pursuant to Idaho Code § 7-911." Idaho Code § 7-911 provides: "Upon application of a party, the court shall confirm an award, unless within the time limits hereinafter imposed grounds are urged for vacating or modifying or correcting the award, in which case the court shall proceed as provided in sections 7-912 and 7-913, Idaho Code." Idaho Code § 7-912 deals with an application to vacate the award, and Idaho Code § 7-913 deals with an application to modify or correct the award. Because the Harrisons had previously filed a motion to vacate the arbitrator's award "pursuant to the [Idaho] Uniform Arbitration Act and the Federal Arbitration Act," the district could was required to proceed under section 7-912.

Idaho Code § 7-912(D) provides, "If the application to vacate is denied and no motion to modify or correct the award is pending, the court shall confirm the award." On July 28, 2008, the district court entered an order denying the Harrisons' application to vacate the arbitrator's award and granting Lloyd's application to confirm the award. The Harrisons filed this appeal on

3

September 11, 2008. The issue is whether their appeal was timely in order to challenge the order confirming the award.

Lloyd's filed their motion to confirm the arbitrator's award under Idaho Code § 7-911, and the district court granted that motion. Idaho Appellate Rule 11(a)(8) states that "[a]n appeal as a matter of right may be taken to the Supreme Court from . . . [a]ny order appealable under the Uniform Arbitration Act, Title Seven, Chapter 9 of the Idaho Code." That Act provides that an appeal may be taken from "[a]n order confirming or denying confirmation of an award." I.C. § 7-919(a)(3). Thus, the order confirming the arbitrator's award was appealable as a matter of right.

Idaho Appellate Rule 14(a) states:

> Any appeal as a matter of right from the district court may be made only by physically filing a notice of appeal with the clerk of the district court within 42 days from the date evidenced by the filing stamp of the clerk of the court on any judgment, order or decree of the district court appealable as a matter of right in any civil or criminal action. . . . .

"Idaho Appellate Rule 14(a) requires a notice of appeal to be filed within forty-two days of '*any judgment, order or decree* of the district court [that is] appealable as a matter of right in any civil ... action.'" *Goodman Oil Co. v. Scotty's Duro-Bilt Generator, Inc.*, ___ Idaho ___, ___, 226 P.3d 530, 533 (2010) (emphasis in original).

In this case, the order confirming the arbitrator's award was entered on July 28, 2008. Forty-two days from that date was September 8, 2008. The Harrisons did not file their notice of appeal until September 11, 2008, three days after the expiration of the forty-two day period specified by Idaho Appellate Rule 14(a). Thus, under Idaho Appellate Rule 14(a), their appeal was not timely.

Relying upon Idaho Appellate Rule 17(e)(1)(B), the Harrisons argue that the order confirming the arbitrator's award is reviewable in connection with their appeal from the judgment later entered on August 11, 2008. That Rule provides, "The notice of appeal shall designate the final judgment . . . appealed from which shall be deemed to include, and present on appeal: (B) All final . . . orders . . . entered prior to the judgment . . . appealed from for which the time for appeal has not expired."

Subsection (B) is applicable because the order confirming the arbitrator's award was a final order entered prior to the purported judgment in this case. *See Storey Constr., Inc. v.*

4

*Hanks*, 148 Idaho 401, 407, 224 P.3d 468, 474 (2009) (an order denying arbitration of an issue "was a final order appealable as a matter of right"); I.A.R. 11(a)(8) (an order confirming an arbitration award is appealable as a matter of right).

Subsection (B) provides that an appeal from a final judgment is deemed to include "[a]ll final . . . orders . . . entered prior to the judgment . . . appealed from for which the time for appeal has not expired." The phrase "for which the time for appeal has not expired" refers to the "orders . . . entered prior to the judgment." The time for appeal from those orders must not have expired in order for them to be included in an appeal from the "judgment . . . appealed from." The time for appealing from a final order entered prior to the final judgment is forty-two days from the date the final order was entered. I.A.R. 14(a). Rule 17(e)(1)(B) does not purport to extend that time. Thus, the Harrisons' appeal from the order confirming the arbitrator's award was clearly untimely.

The Harrisons contend that the Rule should be read as stating that "at the time that judgment appealed from was filed, it incorporated any other final judgments, orders, or decrees for which the appeal time had not yet expired." The Rule provides that it is the notice of appeal, not the judgment, that is deemed to include the prior final orders for which the time for appeal has not run.

Even if there was any ambiguity in the Rule, its meaning is clear when read in conjunction with Idaho Appellate Rule 14(a), which specifies the time for filing appeals. That Rule states that an appeal from any order appealable as a matter of right "may be made *only*" by filing the notice of appeal within forty-two days of the date the order is entered. (Emphasis added.) As this Court stated in *Goodman Oil Co. v. Scotty's Duro-Bilt Generator, Inc.*, ___ Idaho ___, ___, 226 P.3d 530, 533 (2010) (emphasis in original), "Idaho Appellate Rule 14(a) requires a notice of appeal to be filed within forty-two days of 'any *judgment, order or decree* of the district court [that is] appealable as a matter of right in any civil ... action."' Giving Idaho Appellate Rule 17(e)(1)(B) the construction proposed by the Harrisons would make it conflict with Idaho Appellate Rule 14(a).

The Harrisons also asserted during oral argument that because this Court has held that an order granting summary judgment is not a final judgment, an order confirming an arbitration award also should not be a final appealable order. Idaho Appellate Rule 11 provides that an appeal as a matter of right can be taken from an order confirming an arbitration award. The Rule

does not provide that an appeal as a matter of right may be taken from an order granting summary judgment.

Because the order confirming the arbitration award was appealable as a matter of right, any appeal from that order could *only* be made by filing the notice of appeal within forty-two days after the order was entered. In this case, the appeal was not filed within that forty-two day period, and therefore there was not a timely appeal from that order. "The timely filing of a notice of appeal is jurisdictional." *In re Universe Life Ins. Co.*, 144 Idaho 751, 755, 171 P.3d 242, 246 (2007). Because the time for appealing from the order confirming the arbitrator's award had expired, that order is not reviewable on an appeal from a later judgment in this case.

**B. Is There a Final Judgment in this Lawsuit?**

The Harrisons seek to appeal the district court's award against them of court costs and attorney fees totaling $11,245.50. "This Court must address a question as to its jurisdiction even if not raised by the parties." *Watson v. Weick*, 141 Idaho 500, 504, 112 P.3d 788, 792 (2005). No final judgment has been entered with respect to the Harrisons' claims for relief in this case.

On August 11, 2008, the district court entered a document entitled "Judgment" that stated as follows:

> The Court hereby enters Judgment against H. Ray Harrison and Julie Harrison in favor of Defendants Certain Underwriters at Lloyd's London Subscribing to Policy No. 20053 Issued to Jeffrey Hartford, M.D. Effective from June 1, 2004 to June 1, 2005 With an retroactive Effective Date of June 1, 2003 and NAS Insurance Services, Inc. The Court directs Defendants to file a memorandum of costs and fees in an amount to be proven pursuant to Idaho Code § 7-914.

Although the document was entitled "Judgment," that is not controlling. "Whether an instrument is an appealable order or judgment must be determined by its content and substance, and not by its title." *Camp v. East Fork Ditch Co., Ltd.*, 137 Idaho 850, 867, 55 P.3d 304, 321 (2002). A judgment must be "a separate document that *on its face states the relief granted or denied*." *Id*. (citations omitted; emphasis added). Although the document stated that the court "hereby enters Judgment against H. Ray Harrison and Julie Harrison in favor of Defendants," nowhere does it state what relief was either granted the Defendants or denied the Harrisons. The Harrisons had filed a four-count amended complaint by which they sought to recover money damages. Lloyd's filed an answer in which it asked for dismissal of the amended complaint with

6

prejudice.  "[E]very final judgment shall grant the relief to which the party in whose favor it is rendered is entitled."  I.R.C.P. 54(c).  The purported judgment does not state the relief to which Lloyd's was entitled—dismissal of the amended complaint.

A document does not constitute a judgment merely because it states who will prevail in the lawsuit.  For example, in *Spokane Structures, Inc. v. Equitable Investment, LLC*, ___ Idaho ___, 226 P.3d 1263, 1266 (2010), the court had entered an order granting summary judgment which stated as follows:

> IT IS HEREBY ORDERED, ADJUDGED AND DECREED that there exists no issue as to any material fact and that Defendant is entitled to judgment as a matter of law.
>
> NOW, THEREFORE, IT IS ORDERED that Defendant's Motion for Summary Judgment against Plaintiff be, and it is, granted and that judgment will be entered in favor of the Defendant Equitable Investment, LLC, and against the Plaintiff, Spokane Structures, Inc.

*Id*. at ___, 226 P.3d at 1266.  From that order, it was obvious that the defendant would prevail in the lawsuit.  Nevertheless, we held, "This order did not constitute a judgment."  *Id*.  Even though it was obvious from the order that the defendant would prevail in the lawsuit, the order did not meet the requirements of a judgment.  It did not grant the relief to which the defendant was entitled.  *Id*.

In this case, the purported judgment states that the district court "hereby *enters* Judgment" against the Harrisons and in favor of the Defendants.  (Emphasis added.)  The entry of a judgment is simply "[t]he filing of a judgment by the court as provided in Rule 5(e) or the placing of the clerk's filing stamp on the judgment."  I.R.C.P. 58(a)(2).  A judge would enter a judgment by accepting it "for filing, in which event the judge shall note thereon the filing date, hour and minute and forthwith transmit them to the office of the clerk."  I.R.C.P. 5(e)(1).  In order to enter a judgment, there must first be a document that qualifies as a judgment.  The document entitled "Judgment" does not qualify.

On October 10, 2008, the district court entered a document entitled "Amended Judgment."  It suffers from the same deficiency as the "Judgment."  It does not state on its face

any relief granted to the Defendants or denied to the Harrisons on their amended complaint.[1] The Amended Judgment merely stated:

> The Court hereby enters an Amended Judgment against H. Ray Harrison and Julie Harrison in favor of Defendants Certain Underwriters at Lloyd's London Subscribing to Policy No. 20053 Issued to Jeffrey Hartford, M.D. Effective from June 1, 2004 to June 1, 2005 With an Retroactive Effective Date of June 1, 2003 and NAS Insurance Services, Inc. The Court entered an Order granting Defendants' request for attorney fees in the amount of Eleven Thousand Two Hundred Forty Five Dollars and Fifty Cents ($11,245.50). The Court hereby enters Judgment against Plaintiffs in the amount of $11,245.50.

Until all claims for relief in this lawsuit have been resolved by entry of a judgment, there is no final judgment. *In re Universe Life Ins. Co.*, 144 Idaho 751, 755, 171 P.3d 242, 246 (2007); *Piske v. Freeman*, 143 Idaho 832, 833, 153 P.3d 1178, 1179 (2007); I.R.C.P. 54(b). Therefore, this appeal must be dismissed.

**C. Is Lloyd's Entitled to an Award of Attorney Fees on Appeal Pursuant to Idaho Code §§ 7-914 or 12-121?**

Idaho Code § 7-914 provides, "Costs of the application [to confirm, modify, or correct an award] and of the proceedings subsequent thereto, and disbursements may be awarded by the court." "Disbursements" includes attorney fees, and "[a]ttorney fees on appeal are awardable in the Court's discretion." *Driver v. SI Corp.*, 139 Idaho 423, 429-30, 80 P.3d 1024, 1030-31 (2003). The Harrisons attempted to challenge the order confirming the arbitration award on appeal, but they did not timely file their notice of appeal. We therefore award attorney fees on appeal to Lloyd's for the amount it reasonably incurred in defending against the appeal of the order confirming the arbitration award.

We decline to award attorney fees on appeal for defending against the challenge to the district court's award of court costs and attorney fees below because we are dismissing that appeal on a ground not raised by either party. *Rollins v. Blaine County*, 147 Idaho 729, 732, 215 P.3d 449, 452 (2009).

---

[1] Because there is no cause of action to recover court costs or attorney fees incurred in defending this lawsuit, any right to recover court costs or attorney fees is not a claim for relief. *See Barbee v. WMA Securities, Inc.*, 143 Idaho 391, 395, 146 P.3d 657, 661 (2006).

8

## IV. CONCLUSION

Because there was not a timely appeal from the order confirming the arbitrator's award and because there is no final judgment, the appeal is dismissed. We award costs on appeal to respondents, and we award respondents attorney fees reasonably incurred in defending against the appeal of the order confirming the arbitration award.

Justices BURDICK, J. JONES, J. Pro Tems TROUT and KIDWELL **CONCUR**.

9