IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 39626

| | | |
|---|---|---|
| DAN L. POPE, Trustee, DAN L. POPE FAMILY TRUST, and LANDOR, LLC, | ) ) ) | 2013 Unpublished Opinion No. 371 |
| Plaintiffs-Respondents, | ) ) | Filed: February 19, 2013 |
| v. | ) ) ) | Stephen W. Kenyon, Clerk |
| RALPH EDWARD HEITMAN, | ) ) ) | THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bear Lake County. Hon. Mitchell W. Brown, District Judge.

Judgment quieting title, affirmed.

Ralph Edward Heitman, Garden City, Utah, pro se appellant.

Racine Olson Nye Budge & Bailey, Chartered; Scott J. Smith, Pocatello, for respondents.

_____

PERRY, Judge Pro Tem

Ralph Edward Heitman, appearing pro se, appeals from the district court's judgment in a quiet title action brought by Dan L. Pope, trustee, Dan L. Pope Family Trust, and Landor, LLC, hereinafter referred to as Pope. For the reasons set forth below, we affirm.

Heitman recorded several documents with the Bear Lake County Recorder in order to burden Pope's property as security for payment of $4,110,000, which he alleged he was owed as rent for a water pipe running through his and to Pope's property. Pope filed suit to quiet title and void the recorded documents. Pope then filed for summary judgment, which the district court granted. On February 2, 2011, the district court entered an order granting judgment and further awarded fees and costs. On February 16, 2011, Heitman filed a motion to vacate the judgment under Idaho Rule of Civil Procedure 60(b) based upon newly discovered evidence, fraud, and voidness. Before the district court ruled on the motion, Heitman attempted to remove the case to federal court. However, the federal court remanded the case back to state court, and the district

1

court thereafter denied Heitman's Rule 60(b) motion. The judgment was later amended by the district court to add a sum certain for fees and costs on December 21, 2011. On January 23, 2012, Heitman appealed.

Pursuant to Idaho Appellate Rule 14(a), a party who appeals a final judgment must do so within forty-two days. A judgment that brings an end to the lawsuit and represents a final determination of the parties' rights is a final judgment. *Goodman Oil Co. v. Scotty's Duro-Bilt Generator, Inc.*, 148 Idaho 588, 591-92, 226 P.3d 530, 533-34 (2010). Where an appeal is untimely, the issues it raises will not be considered. *Id.*

Pope argues Heitman's appeal is untimely because the judgment, filed February 2, 2011, triggered the forty-two-day time limit to bring an appeal under Rule 14(a). As Pope correctly notes, Rule 14(a) specifically exempts Rule 60(b) from tolling the forty-two-day time period.

The judgment issued by the district court on February 2, 2011, is a final judgment and triggered the forty-two-day requirement for appeal. Neither the Rule 60(b) motion, nor the attempt to remove the case to federal court tolled this time period. Heitman appealed more than eleven months after the judgment was entered, and thus, the appeal is untimely. Because the appeal is untimely, we will not consider any issues that it attempts to raise.[1]

Because Pope's right to recover fees and costs was part of the final judgment entered on February 2, 2011, any appeal as to Heitman's liability for fees and costs is untimely and also will not be considered. However, the appeal was brought within forty-two days of the district court amending the judgment by adding a sum certain as to fees and costs. Therefore, any appeal as to the amount of fees and costs awarded is timely.

Heitman's reply brief is equally incoherent as his initial appellate brief, mostly covering the same ground. However Heitman does write, "RESPONDENT WANTS ATTY FEE: FOR **BRINGING A CASE WITH OUT** [sic] **STANDING and JURISDICTION SHOULD BE DENIED**." The discussion that follows this heading merely accuses Pope and their counsel of violating Heitman's constitutional rights. The foregoing quotation cannot be construed as a challenge to the amount of fees and costs awarded. It may be liberally read as a challenge to the

---

[1] In his brief, Heitman does not address whether or why the district court erred by granting summary judgment in favor of Pope's quiet title action. Heitman does not make a relevant or even coherent argument. Rather, he limits his argument to citing various standards he claims have not been met, such as the absence of any affidavit from Pope rebutting his own affidavit. Heitman also expends great effort accusing the various participants in the lawsuit of crimes.

award of fees and costs set forth in the judgment of February 2, 2011. Even if so read, it is also untimely. Further, a party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). Therefore, even if we were to interpret this one statement as a challenge to the amount of fees and costs awarded, the assertion is not supported by either argument or authority and will not be considered.

An award of attorney fees may be granted on appeal under Idaho Code § 12-121 and Idaho Appellate Rule 41 to the prevailing party and such an award is appropriate when the court is left with the abiding belief that the appeal has been brought or defended frivolously, unreasonably, or without foundation. *Rendon v. Paskett*, 126 Idaho 944, 945, 894 P.2d 775, 776 (Ct. App. 1995). Costs on appeal are awarded as a matter of course to the prevailing party under Idaho Code § 12-107 and Idaho Appellate Rule 40(a). *Saint Alphonsus Diversified Care, Inc. v. MRI Associates, LLP*, 148 Idaho 479, 501, 224 P.3d 1068, 1090 (2009); *Boots ex rel. Boots v. Winters*, 145 Idaho 389, 396, 179 P.3d 352, 359 (Ct. App. 2008). Pope argues they are entitled to attorney fees and costs on appeal because Heitman's appeal was untimely, did not conform with Idaho Appellate Rules, did not contain relevant authority or coherent argument, did not provide an adequate record, and raised issues not raised below. We agree. Additionally, Heitman has not presented any issue regarding a question of law, has not challenged the district court's basis for granting summary judgment, and has not asked for new legal standards or a modification of old ones. Therefore, this Court is left with the abiding belief that this appeal has been brought frivolously, unreasonably, and without foundation. Accordingly, we award attorney fees on appeal to Pope. Further, as the prevailing party, Pope is entitled to costs on appeal.

Heitman's appeal is untimely and any issues the appeal attempts to raise will not be considered. Accordingly, the judgment quieting title is affirmed. Attorney fees and costs on appeal are awarded to Pope.

Judge LANSING and Judge GRATTON **CONCUR.**