EISMANN, Justice.
This is a petition challenging the constitutionality of Plan L 87, a legislative redistricting plan adopted by the commission for reapportionment. We hold that the plan is invalid because it violates Article III, section 5, of the Idaho Constitution by dividing more counties than necessary to comply with the Constitution of the United States. The commission for reapportionment is directed to reconvene to adopt a revised plan.
I.
Factual Background
On November 8, 1994, the electors of the State of Idaho ratified an amendment to Article III, section 2, of the Constitution of the State of Idaho to remove redistrieting from the legislature and to transfer it to a six-person, bipartisan commission to reapportion the legislature and/or to create new congressional district boundaries. The leaders of the two largest political parties in each house of the legislature and the state chairs of the two largest political parties in the State each appoint one person to the commission. Idaho Const. Art. Ill, § 2(2). The Secretary of State forms a commission when there is a new federal census or when necessary due to a decision of a court of competent jurisdiction. Id.
As a result of the 2010 federal census, the Secretary of State formed a commission for reapportionment on June 7, 2011. That commission held fourteen public hearings around the state, but was unable to agree upon a plan for either legislative or congressional redistrieting before the expiration of the ninety-day time limit set by Idaho Code section 72-1508. Therefore, the Secretary of State formed a new commission.
The new commission convened on September 28, 2011, and adopted the record and proceedings of the prior commission. The new commission then held public hearings in Idaho Falls, Coeur d’Alene, and Boise. On October 14, 2011, it unanimously adopted a legislative redistrieting plan entitled “Plan L 87,” and three days later it adopted a plan to redraw congressional boundaries entitled “Plan C 52.” On November 16, 2011, Petitioners filed this proceeding challenging Plan L 87. On November 23, 2011, this Court gave Petitioners fourteen days within which to file their opening brief, Respondents fourteen days thereafter within which to file a responding brief, and Petitioners seven days thereafter within which to file a reply brief. We also scheduled oral argument for January 5, 2012.
II.
Does Plan L 87 Violate Article III, Section 5, of the Idaho Constitution?
When the Constitution of the State of Idaho was ratified in 1890, Article III, section 5, *348 prohibited a county from being divided in order to create a senatorial or representative district.[1] As originally ratified, the Constitution also provided in Article III, section 4, that “each county shall be entitled to one representative.” In 1911, the electors ratified an amendment to Article III, section 2, so that it provided, “The senate shall consist of one (1) member from each county.”
In 1962, a lawsuit was filed in federal court challenging sections 2, 4, and 5 of Article III. Hearne v. Smylie, 225 F.Supp. 645 (D.Idaho 1964). The three-judge court that was convened to hear that case dismissed it without addressing the merits. Id. at 656. While that ease was on appeal, the United States Supreme Court decided that it wanted both houses of bicameral state legislatures apportioned by population. Reynolds v. Sims, 377 U.S. 533, 84 S.Ct. 1362, 12 L.Ed.2d 506 (1964). It reversed the judgment in Heame and remanded the case for further proceedings consistent with Reynolds. Hearne v. Smylie, 378 U.S. 563, 84 S.Ct. 1917, 12 L.Ed.2d 1036 (1964). The Supreme Court also has held that an apportionment plan that deviates more than ten percent among the various districts is prima facie unconstitutional. Brown v. Thomson, 462 U.S. 835, 842-43, 103 S.Ct. 2690, 2695-95, 77 L.Ed.2d 214, 221-22 (1983).
In response to the Reynolds decision, the Idaho legislature proposed, and on November 4, 1986, the electors ratified, amendments to sections 2, 4, and 5 of Article III, of the Idaho Constitution. The 1986 amendment to section 5 included a provision stating that “a county may be divided in creating districts only to the extent it is reasonably determined by statute that counties must be divided to create senatorial and representative districts which comply with the constitution of the United States.”[2] After the ratification of the 1986 amendment, the legislature enacted Idaho Code section 72-1506, which is now the statute referenced in that amendment. Bonneville County v. Ysursa, 142 Idaho 464, 473, 129 P.3d 1213, 1222 (2005).
There is a hierarchy of applicable law governing the development of a plan for apportioning the legislature: The United States Constitution is the paramount authority; the requirements of the Idaho Constitution rank second; and, if the requirements of both the State and Federal Constitutions are satisfied, statutory provisions are to be considered. A lower ranking source of law in this hierarchy is ineffective to the extent that it conflicts with a superior source of law. Bingham County v. Idaho Comm’n for Reapportionment, 137 Idaho 870, 874, 55 P.3d 863, 867 (2002). Thus, the hierarchy of requirements governing a plan for apportioning the legislature is as follows:
First, the plan must comply with what the United States Supreme Court has stated to be the requirements of the Equal Protection Clause of the Fourteenth Amendment to the Constitution. “A redistricting plan that deviates more than 10% in population among the districts is prima facie unconstitutional under the Equal Protection Clause.” Bingham County, 137 Idaho at 872, 55 P.3d at 865 (2002). “A plan with larger disparities in population, however, creates a prima facie case of discrimination and therefore must be justified by the State.” Brown, 462 U.S. at 842-43, 103 S.Ct. at 2696, 77 L.Ed.2d at 222. If a deviation of more *349 than ten percent is not justified by the State, the plan is unconstitutional. Smith v. Idaho Comm’n on Redistricting, 136 Idaho 542, 544, 38 P.3d 121, 123 (2001). The commission is not required to draw legislative districts that all have precisely the same population numbers. Some discretion is inherent in the percentage of deviation that presumptively complies with the Supreme Court’s requirements.
Second, the plan must comply with the requirements of the Idaho Constitution. Article III, section 5, states that “a county may be divided in creating districts only to the extent it is reasonably determined by statute that counties must be divided to create senatorial and representative districts which comply with the constitution of the United States.” “We have interpreted this provision to mean that the constitution ‘prohibits the division of counties, except to meet the constitutional standards of equal protection.’” Bonneville County v. Yswrsa, 142 Idaho 464, 471, 129 P.3d 1213, 1220 (2005) (quoting Bingham County v. Comm’n for Reapportionment, 137 Idaho 870, 878, 55 P.3d 863, 871 (2002)). This provision places a limitation on the total number of counties that can be divided by a legislative redistricting plan. The word “only” means “solely.” Carstens Packing Co. v. Unemployment Comp. Div. of Indus. Accident Bd., 65 Idaho 370, 376, 144 P.2d 203, 206 (1943). A county can be divided solely for one reason — “to the extent it is reasonably determined by statute that counties must be divided to ... comply with the constitution of the United States.” Idaho Const. Art. Ill, § 5 (emphasis added). Dividing a county for other reasons is not permitted. Compliance with this provision in Article III, section 5, cannot be determined by looking at each county division in isolation. The provision does not state that “a county may be divided ... only to the extent that it is reasonably determined ... that the county must be divided to ... comply with the constitution of the United States.” Rather, it states that “a county [singular] may be divided ... only to the extent it is reasonably determined by statute that counties [plural] must be divided to ... comply with the constitution of the United States.” Idaho Const. Art. Ill, § 5 (emphases added). Likewise, the provision does not say “only if it is reasonably determined .., that counties must be divided.” In other words, it does not state that the prohibition on dividing counties disappears once it is determined that at least one county must be divided to comply with the Constitution. It says “only to the extent it is reasonably determined ... that counties must be divided.” (Emphasis added.) The “only to the extent” language would be meaningless unless it is a limitation on the total number of counties that can be divided. When district lines are drawn, a particular county is either divided or it is not. There is no middle ground. A county cannot be almost divided. Looking at the division of one county in isolation would not show the extent to which counties (plural) must be divided in order to comply with the Supreme Court’s requirements. The extent to which counties (plural) must be divided to comply with the Federal Constitution can be determined only by counting the total number of counties divided under the plan. If one plan that complies with the Federal Constitution divides eight counties and another that also complies divides nine counties, then the extent that counties must be divided in order to comply with the Federal Constitution is only eight counties. It could not be said that dividing one more county was necessary to comply with the Constitution.
Third, the requirements of Idaho Code section 72-1506 “are subordinate to the Constitutional standard of voter equality and the restrictions in the Idaho Constitution upon splitting counties except to achieve that voter equality.” Bingham County, 137 Idaho at 874, 55 P.3d at 867. That statute contains mandatory provisions and advisory provisions. The words “must” and “shall” are mandatory, Rife v. Long, 127 Idaho 841, 848, 908 P.2d 143, 150 (1995), and the word “should” is not, Neighbors for a Healthy Gold Fork v. Valley County, 145 Idaho 121, 134, 176 P.3d 126, 139 (2007). The mandatory provisions are as follows:
(1) The total state population as reported by the U.S. census bureau, and the population of subunits determined therefrom, shall be exclusive permissible data.
*350 (2) To the maximum extent possible, districts shall preserve traditional neighborhoods and local communities of interest.
(3) Districts shall be substantially equal in population and should seek to comply with all applicable federal standards and statutes.[3]
(5) Division of counties shall be avoided whenever possible....
(6) To the extent that counties must be divided to create districts, such districts shall be composed of contiguous counties.
(7) District boundaries shall retain the local voting precinct boundary lines to the extent those lines comply with the provisions of section 34-306, Idaho Code. When the commission determines, by an affirmative vote of at least five (5) members recorded in its minutes, that it cannot complete its duties for a legislative district by fully complying with the provisions of this subsection, this subsection shall not apply to the commission or legislative redistricting plan it shall adopt.
(8) Counties shall not be divided to protect a particular political party or a particular incumbent.
(9) When a legislative district contains more than one (1) county or a portion of a county, the counties or portion of a county in the district shall be directly connected by roads and highways which are designated as part of the interstate highway system, the United States highway system or the state highway system. When the commission determines, by an affirmative vote of at least five (5) members recorded in its minutes, that it cannot complete its duties for a legislative district by fully complying with the provisions of this subsection, this subsection shall not apply to the eommission or legislative redistricting plan it shall adopt.
I.C. § 72-1506.
The remaining provisions of the statute are not mandatory. They are merely advisory.[4] Likewise, the statute provides that subsections (7) and (9) are not mandatory if five members of the commission vote that the commission cannot complete its duties by fully complying with them.
Plan L 87 adopted by the commission complies with the first requirement. It deviates less than ten percent in population among the districts. However, the plan does not comply with the second requirement. As stated above, Article III, section 5, of the Idaho Constitution provides that “a county may be divided in creating districts only to the extent it is reasonably determined by statute that counties must be divided to create senatorial and representative districts which comply with the constitution of the United States.” (Emphasis added.) That provision is emphasized in Idaho Code section 72-1506(5), which states, “Division of counties shall be avoided whenever possible.” This provision is mandatory. As shown by the history of Article III, section 5, and its current wording, the only reason for dividing counties is to comply with the decisions of the United States Supreme Court. If, for example, only seven counties needed to be divided in order to comply, then a plan that divides eight counties would violate these constitutional and statutory provisions.
Plan L 87 divides twelve counties. The commission considered and rejected other plans that comply with the Federal Constitution and divide fewer counties. Thus, Plan L 87 does not divide counties only to the extent that counties must be divided to comply with the Federal Constitution. It likewise does not avoid dividing counties whenever possible in violation of Idaho Code section 72-1506(5). It therefore violates Article III, section 5, of *351 the Idaho Constitution and the statute. We are not holding that the commission must adopt any particular plan. The plans submitted to the commission show that there are different ways to draw legislative districts that comply with both the State and Federal Constitutions. The commission certainly has the discretion to reject plans that have been submitted and draw boundaries in another manner that complies with both Constitutions.
Respondents argue that “[o]nee the Commission has exercised this discretion, the inquiry is limited to whether ‘the split was done to effectuate an improper purpose or whether it dilutes the right to vote.’ ” (Quoting from Bonneville County v. Ysursa, 142 Idaho 464, 472, 129 P.3d 1213, 1221 (2005)). Respondents take that quotation out of context. We were addressing the commission’s discretion in deciding which of two counties to split in order to comply with the Federal Constitution, not whether it has the discretion to disregard the requirements of the Idaho Constitution.
In performing its duties, the commission must exercise discretion in various matters. However, as admitted by the Respondents during oral argument, Article III, section 5, limits the commission’s discretion. It does not give the commission unbridled discretion in deciding how many counties to divide. The Respondents argue that the commission found that dividing twelve counties was necessary. However, “this Court must observe its imperative duty fearlessly to interpret the law as made, and never permit, if it be in our power to prevent, any infraction of the Constitution which we are sworn to uphold, support and maintain.” Jewett v. Williams, 84 Idaho 93, 106, 369 P.2d 590, 598 (1962) (citing Pyke v. Steunenberg, 5 Idaho 614, 619, 51 P. 614, 614 (1897)). “[A] county may be divided in creating districts only to the extent it is reasonably determined by statute that counties must be divided to ... comply with the constitution of the United States.” Idaho Const. Art. Ill, § 5. This constitutional provision is a restriction on the commission’s discretion, not a grant of discretion. The commission can certainly exercise discretion to the extent that it is not limited by the Constitution or by statute, but it does not have the discretion to exceed the limits imposed by either the Constitution or a statute.
That constitutional provision requires that the total number of divided counties in a legislative redistricting plan shall be the minimum number required to comply with the Federal Constitution. Because Plan L 87 divides more counties than is required to do so, it violates Article III, section 5, of the Idaho Constitution and is therefore invalid. The commission must therefore reconvene and adopt a revised plan. I.C. § 72-1501(2). We need not address the alleged statutory violations in Plan L 87 because the commission will have to adopt a revised plan.
Petitioners ask that we “immediately issue an appropriate writ of prohibition or appropriate injunction enjoining implementation and enforcement of Plan L87 as adopted by the Idaho Commission on Reapportionment” and that we “enter[ ] an order establishing legislative districts in the state of Idaho which will comply with Constitutional and statutory requirements.” We decline at this point to do either. We have no reason to believe that the commission will not perform its duty to adopt a plan that complies with mandatory constitutional and statutory provisions. Accordingly, pursuant to Idaho Code section 72-1501(2), this Court orders that Plan L 87 be revised.
Conclusion
We hold that Plan L 87 adopted by the commission for reapportionment violates Article III, section 5, of the Idaho Constitution and must therefore be revised.
Chief Justice BURDICK, Justices W. JONES and HORTON concur.

. Article III, section 5, of the Constitution of the State of Idaho originally provided, "A senatorial or representative district, when more than one county shall constitute the same, shall be composed of contiguous counties, and no county shall be divided in creating such districts.”

. As a result of the 1986 amendment, Article III, section 5, of the Constitution of the State of Idaho now reads:
A senatorial or representative district, when more than one county shall constitute the same, shall be composed of contiguous counties, and a county may be divided in creating districts only to the extent it is reasonably determined by statute that counties must be divided to create senatorial and representative districts which comply with the constitution of the United States. A county may be divided into more than one legislative district when districts are wholly contained within a single county. No floterial district shall be created. Multi-member districts may be created in any district composed of more than one county only to the extent that two representatives may be elected from a district from which one senator is elected. The provisions of this section shall apply to any apportionment adopted following the 1990 decennial census.

. Although the last clause uses "should” rather than "shall” or "must,” as a practical matter compliance with applicable federal standards and statutes is a mandatory requirement.

. The advisory provisions are: "To the maximum extent possible, the plan should avoid drawing districts that are oddly shaped,” I.C. § 72-1506(4), and "In the event that a county must be divided, the number of such divisions, per county, should be kept to a minimum," I.C. § 72-1506(5).