# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 39836

KARL L. ROESCH, as to an undivided )
77.5% interest and RIVER TERRACE )
ESTATES, INC., as to an undivided 22.5% )  Boise, June 2013 Term
interest, )
)  2013 Opinion No. 91
    Plaintiffs-Appellants, )
)  Filed: August 16, 2013
v. )
)  Stephen Kenyon, Clerk
DANIEL L. KLEMANN, an unmarried man, )
)
    Defendant-Respondent, )
)
and )
)
CORNERSTONE FINANCIAL, INC.; and )
SHEA REALTORS, PLLC, )
)
    Defendants. )

Appeal from the District Court of the First Judicial District of the State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

The amended judgment of the district court is _affirmed_.

Finney Finney & Finney, P.A., Sandpoint, for appellants. John Finney argued.

Daniel L. Klemann, Belgrade, Montana, pro se respondent.

_____

HORTON, Justice.

This appeal arises out of a judicial foreclosure action brought by Karl L. Roesch and River Terrace Estates, Inc. (collectively, Roesch) against Daniel L. Klemann, Cornerstone Financial, Inc., and Shea Realtors, PLLC. Roesch obtained a foreclosure judgment and decree of sale against Klemann in the amount of $307,800.62. The judgment also provided that interest would accrue on the indebtedness through the date of the sheriff's sale at $82.92 per day. When the district court later learned that the rate used to calculate the interest was the rate set forth in the note, it ordered counsel to prepare another judgment calculating the interest based upon the

1

statutory post-judgment rate defined in Idaho Code § 28-22-104(2). Roesch's attorney complied, and the district court entered an amended judgment and decree setting forth Klemann's total indebtedness as $307,800.62 plus $44.27 per day in interest through the date of the sale. Roesch appeals from the amended judgment, arguing that he is entitled to interest at the note rate through the date of the sale. We affirm the amended judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In May 2011, Roesch brought an action in Kootenai County against Klemann, seeking judicial foreclosure on a mortgage granted by Klemann as security for a promissory note. In its Judgment and Decree of Sale entered on August 30, 2011, the district court found that Klemann's total indebtedness to Roesch and River Terrace, as of the date of the judgment and decree, was $307,800.62. The judgment also set forth that interest on the indebtedness would accrue through the date of the sheriff's sale in the amount of $82.92 per day, based upon the rate set forth in the note. The Kootenai County Sheriff refused to conduct the sale because it believed that the statutory interest rate on judgments applied, not the rate on the note. Roesch petitioned the district court for a writ of mandamus to compel the sale, but prior to the scheduled hearing, Roesch withdrew the petition. However, the district court refused to vacate the hearing and, after argument, issued a memorandum decision and order denying the petition and ordering Roesch to prepare an amended judgment calculating interest based upon the statutory rate. Roesch complied, and the district court entered an amended judgment finding that Klemann's total indebtedness, as of August 19, 2011, is $307,800.62 plus $44.27 per day in interest through the date of the sale. Roesch timely appeals from the amended judgment and asks this Court to strike the Amended Judgment and Decree of Sale and order that the matter should proceed to sale on the judgment previously entered.

## II. STANDARD OF REVIEW

"An interpretation of a statute is a question of law over which appellate courts exercise free review." *Hayden Lake Fire Prot. Dist. v. Alcorn*, 141 Idaho 307, 312, 109 P.3d 161, 166 (2005) (citing *Kelso v. State Ins. Fund*, 134 Idaho 130, 134, 997 P.2d 591, 595 (2000)).

## III. ANALYSIS

The district court issued an amended judgment setting forth Klemann's total mortgage indebtedness as the unpaid principal and interest through the date of the judgment, which it calculated as $307,800.62. It also determined that Roesch was entitled to interest on that total

from the date of the original judgment at the judgment rate set forth in Idaho Code § 28-22-104(2). Roesch argues that in calculating the amount of mortgage indebtedness interest should continue to accrue on the $200,000 principal balance at the rate provided for in the promissory note from the date of the foreclosure judgment to the date of the sheriff's sale. He contends that the rate set forth in Idaho Code § 28-22-104(2) applies only after the sale and only if the proceeds are insufficient to satisfy the total amount of indebtedness and the district court enters a deficiency judgment against the debtor.

> This Court applies the following standard when interpreting the language of a statute:

> Interpretation of a statute begins with an examination of the statute's literal words. Where the language of a statute is plain and unambiguous, courts give effect to the statute as written, without engaging in statutory construction. Only where the language is ambiguous will this Court look to rules of construction for guidance and consider the reasonableness of proposed interpretations.

*Stonebrook Const., LLC v. Chase Home Fin., LLC*, 152 Idaho 927, 931, 277 P.3d 374, 378 (2012) (quoting *Curlee v. Kootenai Cnty. Fire & Rescue*, 148 Idaho 391, 398, 224 P.3d 458, 465 (2008)). Statutory language is not ambiguous "merely because the parties present differing interpretations to the court." *Id.* (quoting *Payette River Prop. Owners Ass'n v. Bd. of Comm'rs of Valley Cnty.*, 132 Idaho 551, 557, 976 P.2d 477, 483 (1999)). Rather, statutory language "is ambiguous where reasonable minds might differ or be uncertain as to its meaning." *Id.*

Where two or more statutes relate to the same subject, they are *in pari materia*. *Paolini v. Albertson's Inc.*, 143 Idaho 547, 549, 149 P.3d 822, 824 (2006) (quoting *City of Sandpoint v. Sandpoint Indep. Highway Dist.*, 139 Idaho 65, 69, 72 P.3d 905, 909 (2003)). When considering statutes that are *in pari materia*, "[i]t is a fundamental law of statutory construction" that those statutes "are to be construed together, to the end that the legislative intent will be given effect." *Rogers v. Household Life Ins. Co.*, 150 Idaho 735, 737, 250 P.3d 786, 788 (2011) (quoting *State v. Yager*, 139 Idaho 680, 689–90, 85 P.3d 656, 665–66 (2004)). Additionally, this Court "will not construe a statute in a way which makes mere surplusage of provisions included therein." *Bradbury v. Idaho Judicial Council*, 149 Idaho 107, 116, 233 P.3d 38, 47 (2009) (quoting *Sweitzer v. Dean*, 118 Idaho 568, 571–72, 798 P.2d 27, 30–31 (1990)); *See also Twin Lakes Canal Co. v. Choules*, 151 Idaho 214, 218, 254 P.3d 1210, 1214 (2011) (holding that courts may not interpret a statute in a manner that would "render it a nullity").

3

**A. The only rate at which an amount owed on a judgment accrues interest is the rate defined in Idaho Code § 28-22-104(2).**

The plain language of Idaho Code § 28-22-104(2) indicates that interest on a judgment must accrue at the statutory rate and that the provision applies to all judgments. The statute sets forth the rate of interest that accrues on judgments as follows:

> The legal rate of interest on money due on the judgment of any competent court or tribunal *shall be* the rate of five percent (5%) plus the base rate in effect at the time of entry of the judgment. The base rate shall be determined on July 1 of each year by the Idaho state treasurer and shall be the weekly average yield on United States treasury securities as adjusted to a constant maturity of one (1) year and rounded up to the nearest one-eighth percent (⅛ %). The base rate shall be determined by the Idaho state treasurer utilizing the published interest rates during the second week in June of the year in which such interest is being calculated. The legal rate of interest as announced by the treasurer on July 1 of each year *shall operate* as the rate applying for the succeeding twelve (12) months to *all judgments* declared during such succeeding twelve (12) month period. The payment of interest and principal on each judgment shall be calculated according to a three hundred sixty-five (365) day year.

I.C. § 28-22-104(2) (emphases added). This Court has held that the words "must" and "shall," when used in a statute, indicate that the language is mandatory. *Twin Falls Cnty. v. Idaho Comm'n on Redistricting*, 152 Idaho 346, 349, 271 P.3d 1202, 1205 (2012) (citing *Rife v. Long*, 127 Idaho 841, 848, 908 P.2d 143, 150 (1995)); *Henry v. Ysursa*, 148 Idaho 913, 916, 231 P.3d 1010, 1013 (2008) (quoting *State v. Tribe*, 123 Idaho 721, 726, 852 P.2d 87, 92 (1993)) ("This Court repeatedly has construed the word 'shall' as being mandatory, not discretionary.").

Here, the statute provides that the defined rate "shall be" the rate applied to money due on a judgment and that it "shall operate" as the applicable rate for "all" judgments. Thus, the plain language of subsection (2) indicates that the mandatory interest rate on an amount due on a judgment is the rate provided in the statute, and further that the statutory rate applies to all judgments declared during the relevant time period.

Our decisions support this conclusion as well. In *Idaho Gold Dredging Corp. v. Boise Payette Lumber Co.*, this Court held that "[i]nterest upon a judgment is not a matter of contract, but is wholly statutory." 54 Idaho 765, 777, 37 P.2d 407, 412 (1934). Consequently, "[a] judgment can bear interest at such a rate only as the law provides." *Id.* More recently, this Court has held that "interest is automatically allowed on judgments and is allowed at the statutory rate." *Chenoweth v. Sanger*, 123 Idaho 189, 191, 846 P.2d 191, 193 (1993) (quoted in

4

*Worthington v. Thomas*, 134 Idaho 433, 437, 4 P.3d 545, 549 (2000)). In that case, the Court explained that "because post-judgment interest is a statutory creation in Idaho, the court does not have discretion to determine the rate of interest to be awarded on a judgment. *Id.* (citing *Rayl v. Shull Enters., Inc.*, 108 Idaho 524, 700 P.2d 567 (1985)).

Finally, while subsection (1) does provide for interest at the contractual rate in some circumstances,[1] the text of the provision as a whole suggests that subsection (1) applies only to pre-judgment interest. First, when read together, it is clear that subsection (1) defines only pre-judgment interest and does not apply once a judgment has been entered. The text of subsection (1) refers only to amounts of money due, and there is no mention of judgments. In contrast, as explained above, subsection (2) expressly provides that it applies to "all judgments" and makes no distinction about the underlying source of the money due. Additionally, subsection (2) expressly provides that it defines the interest rate for "all judgments," and thus any reading of subsection (1) applying it to amounts due on judgments would negate that part of subsection (2). The Court of Appeals expressly held as much in *Gro-More, Inc. v. Butts*:

> Section 28–22–104 consists of two independently operating parts. Subsection (1) specifies the legal rate of pre-judgment interest where "there is no expressed contract in writing." Subsection (2) fixes the interest rate on judgments at [the defined rate]. Thus, as is the case here, the court may award pre-judgment interest at a higher contract rate but the statute, will control the assigned interest rate once the debt is reduced to a judgment. Subsection (2) contains no language which would allow a rate other than the denominated interest rate.

109 Idaho 1020, 1025, 712 P.2d 721, 726 (Ct. App. 1985). This Court has implicitly adopted the same distinction.[2] Thus, both the plain language of Idaho Code § 28-22-104 and this Court's

---

[1] Idaho Code § 28-22-104(1) provides:
> When there is no express contract in writing fixing a different rate of interest, interest is allowed at the rate of twelve cents (12¢) on the hundred by the year on:
> 1. Money due by express contract.
> 2. Money after the same becomes due.
> 3. Money lent.
> 4. Money received to the use of another and retained beyond a reasonable time without the owner's consent, express or implied.
> 5. Money due on the settlement of mutual accounts from the date the balance is ascertained.
> 6. Money due upon open accounts after three (3) months from the date of the last item.

[2] A review of our decisions shows that we look to I.C. § 28-22-104(1) when considering issues related to pre-judgment interest and to subsection (2) when considering post-judgment interest. *Compare, e.g.*, *Meyers v. Hansen*, 148 Idaho 283, 290, 221 P.3d 81, 88 (2009) (explaining that I.C. § 28-22-104(2) defines interest rate on judgments), *and Worthington v. Thomas*, 134 Idaho 433, 437, 4 P.3d 545, 549 (2000) (holding that post-judgment interest is automatic under I.C. § 28-22-104(2)), *with Taylor v. Maile*, 146 Idaho 705, 712, 201 P.3d 1282, 1289 (2009) (citing I.C. § 28-22-104(1) as the standard for evaluating whether district court properly exercised discretion in awarding

decisions interpreting it demonstrate that once an amount owed on a debt is reduced to a judgment, the post-judgment statutory rate is the only applicable interest rate. We therefore hold that judgments accrue interest only at the rate defined in subsection (2) and that the rate applies to all judgments.

**B. The district court's Amended Judgment and Decree of Sale is a judgment.**

Roesch argues that in a foreclosure, the district court merely "adjudicates" the amount of indebtedness and orders a sale. He contends there is no "final money judgment upon which the statutory judgment interest rate accrues" unless the sale proceeds are insufficient to satisfy the debt and the court enters a deficiency judgment after holding "supplemental proceedings." His argument, essentially, is that the district court's Amended Judgment and Decree of Sale is not actually a judgment within the meaning of Idaho Code § 28-22-104(2).[3]

The Idaho Rules of Civil Procedure set forth the requirements for both a judgment and a final judgment:

> "Judgment" as used in these rules means a separate document entitled "Judgment" or "Decree". A judgment shall state the relief to which a party is entitled on one or more claims for relief in the action. Such relief can include dismissal with or without prejudice. A judgment shall not contain a recital of pleadings, the report of a master, the record of prior proceedings, the court's legal reasoning, findings of fact or conclusions of law. A judgment is final if either it has been certified as final pursuant to subsection (b)(1) of this rule or judgment has been entered on all claims for relief except costs and fees, asserted by or against all parties in the action.

I.R.C.P. 54(a). This Court has explained that a document is not a judgment merely because it is entitled "Judgment." *Harrison v. Certain Underwriters at Lloyd's, London*, 149 Idaho 201, 205, 233 P.3d 132, 136 (2010). Rather, a judgment "must be a separate document that on its face states the relief granted or denied." *Spokane Structures, Inc. v. Equitable Inv., LLC*, 148 Idaho 616, 620, 226 P.3d 1263, 1267 (2010) (quoting *Camp v. East Fork Ditch Co., Ltd.*, 137 Idaho

---

pre-judgment interest), *Greenough v. Farm Bureau Mut. Ins. Co. of Idaho*, 142 Idaho 589, 592, 130 P.3d 1127, 1130 (2006) (explaining that I.C. § 28–22–104 allows for prejudgment interest at specified rate where money is due on an express contract), and *Kidd Island Bay Water Users Co-op. Ass'n, Inc. v. Miller*, 136 Idaho 571, 575, 38 P.3d 609, 613 (2001) ("Section 28–22–104 of the Idaho Code provides for the award of prejudgment interest."). *But see Frontier Fed. Sav. & Loan Ass'n v. Douglass*, 123 Idaho 808, 814, 853 P.2d 553, 559 (1993) (holding that where note expressly provides "payment of interest until the entire indebtedness is fully paid," holder is entitled to note rate of interest through date of deficiency judgment).

[3] We note that if we were to accept Roesch's argument, absent this Court's willingness to consider this appeal under the plenary power conferred by art. V, § 9 of the Idaho Constitution, this appeal would have to be dismissed because there is no provision of I.A.R. 11(a) permitting the appeal.

850, 867, 55 P.3d 304, 321 (2002)). Additionally, the relief must be specific, not a general grant of judgment in one party's favor. For example, in *Harrison*, the plaintiffs had asked for money damages and the defendants sought dismissal with prejudice. 149 Idaho at 205, 233 P.3d at 136. The document in question provided that the court "hereby enters Judgment against [the plaintiffs] in favor of Defendants . . . ." *Id.* We held that the document was not a judgment because it did not "state what relief was either granted the Defendants or denied [the plaintiffs]." *Id.* Thus, even though the court stated that the defendants prevailed, no judgment existed because the document did not provide either party with the actual relief requested.

In this case, there is a judgment because the district court set forth the relief to which Roesch is entitled. In his complaint, Roesch asserted his entitlement to relief in the form of: (1) a determination of the amounts owed under the Note and Mortgage, including interest; (2) an adjudication of the priority of his security interest and declaration that his rights are superior to the defendants' interests; (3) attorney fees and costs against Klemann and the other defendants if they contest the action; (4) a decree of sale and upon completion of the sale, application of the net proceeds to the amount due, and (5) in the event the net sale proceeds do not satisfy the amount due, a personal money judgment against Klemann "pursuant to supplemental proceedings." The district court's Amended Judgment and Decree of Sale set forth the following relief: (1) the amount of total indebtedness, including interest through the date of the judgment; (2) a declaration of the priority of Roesch's security interest, specifically noting that his interest is superior to the defendants' interest; (3) a decree of sale directing application of the net proceeds to satisfy the amount owed to Roesch; (4) a money judgment against Klemann in the event of a deficiency; and (5) post-judgment interest pursuant to Idaho Code § 28-22-104(2) from the date of the original judgment. Thus, the district court entered a separate document that set forth the specific relief the parties are entitled to and did not recite the pleadings, the record of prior proceedings, the court's legal reasoning, or any findings of fact or conclusions of law. Thus, the district court's Amended Judgment and Decree of Sale meets the requirements set forth in Rule 54(a) and is a judgment.

The relief that Roesch asked the district court to grant reflected the nature of the proceeding. This lawsuit was a mortgage foreclosure action. Idaho Code § 6-101(1) provides:

> There can be but one action for the recovery of any debt, or the enforcement of any right secured by mortgage upon real estate which action must be in accordance with the provisions of this chapter. In such action the court may,

*by its judgment*, direct a sale of the incumbered property (or so much thereof as may be necessary) and the application of the proceeds of the sale to the payment of the costs of the court and the expenses of the sale, and *the amount due to the plaintiff*; and sales of real estate under judgments of foreclosure of mortgages and liens are subject to redemption as in the case of sales under execution; (and if it appear from the sheriff's return that the proceeds are insufficient, and a balance still remains due, judgment can then be docketed for such balance against the defendant or defendants personally liable for the debt), and it becomes a lien on the real estate of such judgment debtor, as in other cases on which execution may be issued.

(emphasis added). It is evident that "the amount due to the plaintiff" must be determined by the district court prior to entry of the judgment directing the sale of the property. If this were not the case, the parenthetical provision of this statute, relating to comparison of the sheriff's return with the "balance … due," would be meaningless. Similarly, if the court issuing the judgment for sale of the mortgaged property did not adjudicate the sum due the mortgagee, the provision in I.C. § 6-102, relating to "surplus money" resulting from the sheriff's sale, would have no meaning. Also, the reference in I.C. § 6-108 to "the mortgage indebtedness, as determined by the decree" clearly reflects the Legislature's intent that the judgment ordering the sale of mortgaged property must establish the amount of money due to the mortgagee. As the judgment for the sale of the property adjudicated the amount due to Roesch from Klemann, the applicable interest rate is that provided in Idaho Code § 28-22-104(2).

## IV. CONCLUSION

We affirm the Amended Judgment and Decree of Sale.

Chief Justice BURDICK and Justices EISMANN, J. JONES and W. JONES, **CONCUR**.

8